2021 IL App (1st) 200070-U
No. 1-20-0070

FIRST DIVISION
September 7, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08 CR 20825 |
| | ) | |
| CEDRICK RAMSEY, | ) | The Honorable |
| | ) | Carl B. Boyd, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Cobbs and Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We reverse the second-stage dismissal of defendant's postconviction petition, only with respect to his claim that his trial counsel's ineffectiveness led him to waive his right to jury trial. However, we affirm the dismissal with respect to defendant's separate claim that trial counsel was ineffective in failing to communicate the applicable sentencing range or the State's plea offer, as defendant does not make the requisite showing of prejudice.

¶ 2    Defendant appeals from the second-stage dismissal of his postconviction petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), arguing that he is entitled to a third-stage evidentiary hearing with respect to two of the petition's claims of ineffective assistance of trial counsel. First, he challenges the dismissal of his claim that trial

counsel's ineffectiveness led him to waive his right to jury trial. Second, he challenges the dismissal of his claim that trial counsel was ineffective in failing to communicate the applicable sentencing range or that the State had made a plea offer. We conclude that defendant made a substantial showing of a constitutional violation, with respect to the claim of ineffective assistance related to his jury waiver, warranting a third-stage evidentiary hearing for that claim. However, we affirm the dismissal of the ineffective assistance claim premised on counsel's failure to communicate the sentencing range or the State's plea offer, as defendant fails to make the requisite showing of prejudice

¶ 3                                        BACKGROUND

¶ 4     Defendant was charged with eleven counts of aggravated criminal sexual assault, as well as counts of kidnapping, aggravated kidnapping, and unlawful restraint in connection with acts committed against F.S. at defendant's home on May 31, 2008.

¶ 5     Before trial, the court denied defendant's motion to suppress evidence of items recovered from and photographed in his home following his arrest. Separately, the court granted the State's motion *in limine* to admit other crimes relating to defendant's sexual assault of two other women in 2000.

¶ 6     During a pretrial hearing on June 17, 2013, the State's Attorney referenced a plea offer, which was acknowledged by defense counsel:[1]

> "[STATE'S ATTORNEY:] Judge, there's one other matter. Many moons ago, when this case first came in, there was an offer extended to the defendant. It is a

---

[1] In pretrial proceedings and at trial, defendant was represented by private counsel, attorney John Collins.

natural life case, however, there was an offer extended to him. I am holding that offer open only until July 22nd. After that day that offer will be revoked.

THE COURT: Okay. Do you all understand that?

[DEFENSE COUNSEL:] Yes."

This is the only pretrial reference to the plea offer contained in the record on appeal.

¶ 7    After additional continuances, the matter was set for jury trial to commence on May 27, 2014. On that date, defendant and his counsel expressed his wish to waive his right to trial by jury, and he was admonished by the trial court:

"THE COURT: Well, this case was set for a jury trial today, and at this time, Mr. Collins, what's the wish of your client?

[DEFENSE COUNSEL:] Judge, after speaking with my client advising him he has an absolute right to a jury trial, it is our decision to waive jury, Judge, and submit this to the Court for a hearing on the merits.

THE COURT: All right. Mr. Ramsey, you have the right to a jury trial. Now, a jury trial would be where you, your lawyer, and the State's Attorney could select 12 people from the community. Those 12 people then would be the ones who would hear all the evidence in your case. After they hear all the evidence [in] your case, they would then be the ones who would make a decision which we call a verdict as to whether you're guilty or not guilty.

Do you understand what a jury trial is, sir?

[DEFENDANT:] Yes, I do, sir.

THE COURT: And is it your desire to waive your right to a jury trial and instead have me hear the evidence, sir - -

-3-

[DEFENDANT:] I trust you, sir.

THE COURT: - - and have me make the decision in this case in what we call a bench trial?

[DEFENDANT:] Yes, sir.

THE COURT: I've got [a] form here, Cedric, which is called a Written Jury Waiver Form. This Form tells me that you do not want a jury trial. Now, did you have occasion to look that [sic] this Form, examine it, talk to your attorney about it and then put your signature at the bottom of it?

[THE DEFENDANT:] Yes, I did.

THE COURT: And do you understand what it's all about, sir?

[THE DEFENDANT:] Yes, sir.

THE COURT: All right. For the record, the Court does find that Mr. Ramsey has indicated that he understands his rights to a jury trial and is wil[l]fully waiving his right to a jury trial, and the Court will accept his jury trial waiver."

¶ 8    The State proceeded to trial on two counts of aggravated criminal sexual assault and one count of aggravated kidnapping.

¶ 9    The evidence at the bench trial is summarized below but is more thoroughly recounted in our opinion on direct appeal, *People v. Ramsey*, 2017 IL App (1st) 160977. At trial, F.S. testified that she met defendant through a "chat line" and agreed to meet defendant for sex in exchange for payment. At defendant's home, he threatened her with a knifepoint and forced her to have oral and vaginal sex. At one point, he tied her to a bench with her hands behind her back. While he was out of the room, F.S. freed her hands, punched out a window, and called for help. Defendant

returned and punched her several times. Alfonzo Wells, defendant's neighbor, testified that he called police after he saw F.S. break a window and ask for help.

¶ 10 Another victim, S.S., testified that in February 2000 she met defendant on a chat line. When they met, he placed a "pointy" object by her side and forced her into a car, where he sexually assaulted her and tied her hands with duct tape.

¶ 11 Defendant testified that he agreed to pay F.S. for oral and vaginal sex involving bondage. He testified that they had consensual sex but that they later argued over payment and whether he could drive her home. He admitted that he hit F.S. several times and that he told police that he had been fighting with his girlfriend.

¶ 12 Defendant was found guilty of two counts of aggravated criminal sexual assault and aggravated kidnapping.

¶ 13 Whereas John Collins represented defendant at trial, a different attorney, Sam Adam Jr., represented defendant in post-trial motions. In December 2014, Adam filed a "Post-Trial Motion for Information Regarding Time, Location, Counsel Spoken To, and the Actual Offer Tendered in the Instant Case." In that motion, counsel noted the State's Attorney's reference to a plea offer at the June 17, 2013 hearing but stated that there was "no evidence in the Defendant's possession that he was ever informed of that offer." In the motion, defendant sought "to have this Court inform present counsel of the date, location, counsel spoken to, and the actual offered [sic] made by the State." The record does not reflect whether such information was provided.

¶ 14  On June 10, 2015, defendant (through attorney Adam) filed a motion for a new trial. Among other claims, defendant alleged in the motion that trial counsel's performance was deficient in various respects, including because he "[a]dvised the Defendant to waived [sic] a jury trial on the day jury selection was scheduled and when the matter was set for jury trial for a month, and

therefore prevented the Defendant of [sic] having his case heard before twelve people of different viewpoints and life experiences." The motion for new trial was denied on December 2, 2015.

¶ 15 At sentencing, the court merged the aggravated kidnapping offense into the two aggravated criminal sexual assault convictions and imposed two consecutive natural life sentences on those convictions. Defendant's motion to reconsider sentence was denied.

¶ 16 On direct appeal, defendant argued that the trial court erred in denying his motion to suppress evidence from his residence, erred in permitting the admission of other crimes evidence, and that his trial counsel was ineffective in a number of respects.[2] *Ramsey*, 2017 IL App (1st) 160977, ¶ 34. This court affirmed defendant's convictions and sentence on August 22, 2017.

¶ 17 On October 23, 2018, defendant, through new counsel Thomas C. Brandstrader, filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), alleging that his constitutional right to effective assistance of trial counsel had been violated in various ways. Relevant to this appeal, he alleged that trial counsel had "advised the petitioner to waive a jury trial on the day jury selection was scheduled and prevented the petitioner of [sic] having his case heard before twelve people of different viewpoints and life experiences." Elsewhere in the petition, he alleged his trial counsel was ineffective for "failing to communicate to [defendant] the sentencing range applicable to the offenses" of which he was charged and for "failing to communicate to [defendant] that an offer to plead guilty had been made by the State to the petitioner prior to trial." Defendant averred that, although the State informed the court that the offer "would only be held open for a limited amount of time," there was "nothing in the record that said offer was conveyed to [defendant] by his attorney or that

---

[2] On direct appeal, defendant was represented by attorney Christopher S. Carroll.

[defendant] had rejected said offer." Defendant alleged that, as a result of counsel's failure to communicate the applicable sentencing range and the State's plea offer, he was "prevented from being reasonably informed as to the risks inherent in trial versus a negotiated disposition."

¶ 18   On October 25, 2018, defendant's counsel supplemented the petition with a notarized affidavit signed by defendant. Relevant to this appeal, defendant asserted: "It was never my intent to waive a jury and [I] was ambushed the day of trial when my lawyer claimed he was not ready to pick a jury and I would have to proceed with a bench trial as the court would not grant a continuance." Defendant additionally averred: "I was never informed by any attorney that an offer had been tendered by the State's Attorney's office prior to the trial date. If I had been so apprised I may have waived my right to trial and pled guilty pursuant to the offer." Defendant further stated that his trial counsel "never discussed or told me the sentencing range applicable to the crimes for which I was charged."

¶ 19   The petition was docketed for second-stage proceedings under the Act.[3] In March 2019, the State filed a motion to dismiss the petition. Defendant filed a response in May 2019.

¶ 20   On December 13, 2019, the court heard argument and denied the petition. The court commented that "many of the issues raised by the defendant in the [petition] are barred under the doctrine of *res judicata* as they could have and should have been raised on direct appeal." The court also found that defendant had not shown how he was "prejudiced by any of these alleged deficiencies of trial counsel" noting that "*Strickland* requires actual prejudice be shown not speculation or conjecture."

¶ 21                                        ANALYSIS

---

[3] It is unclear from the record whether the trial court made an explicit finding that the petition was not frivolous or patently without merit, and thus should not be summarily dismissed. See *People v. Hodges*, 234 Ill. 2d 1, 11 (2009). However, the record includes criminal disposition sheet from December 24, 2018, stating "St[ate] to file Mot 2 dismiss."

¶ 22    On appeal, defendant asserts that the trial court erred in granting the State's motion to dismiss and that he is entitled to a third-stage evidentiary hearing with respect to two of the petition's claims of ineffective assistance of trial counsel. First, he claims that counsel's ineffective assistance caused him to waive his right to a jury trial. He relies on the portion of his affidavit relating that he was "ambushed on the day of trial" when his trial counsel "claimed he was not ready to pick a jury and [defendant] would have to proceed with a bench trial as the court would not grant a continuance." He thus asserts that "his waiver of jury trial was not voluntary but the result of ineffective assistance of counsel who was not prepared for trial." Secondly, he urges that the trial court erred in dismissing his claim on "the issue of effective assistance of counsel in plea negotiations", insofar as counsel failed to communicate either the sentencing range applicable to the offenses of which he was charged, or to communicate that the State had tendered an offer to plead guilty before trial. Defendant thus requests that we reverse the dismissal and remand for an evidentiary hearing with respect to these claims.

¶ 23    The Act "provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. [Citations.]" *People v. Tate*, 2012 IL 112214, ¶ 8. In a noncapital case, a postconviction proceeding contains three stages. *Id.* ¶ 9. At the first stage, the circuit court independently reviews the petition to determine whether it is frivolous or is patently without merit. *Id.* If the petition is not summarily dismissed, it "advances to the second stage, where counsel may be appointed to an indigent defendant [citation] and where the State, as respondent, enters the litigation. [Citation.]" *Id.* ¶ 10. At the second stage, "the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *Id.* If no

such showing is made, the petition is dismissed. *Id.* "If, however, a substantial showing of a constitutional violation is set forth, the petition is advanced to the third stage, where the circuit court conducts an evidentiary hearing. [Citations.]" *Id.*

¶ 24    "At the pleading stage of postconviction proceedings, all well-pleaded allegations in the petition and supporting affidavits that are not positively rebutted by the trial record are to be taken as true. [Citations.] In deciding the legal sufficiency of a postconviction petition, the court is precluded from making factual and credibility determinations. [Citations.]" *People v. Robinson*, 2020 IL 123849, ¶ 49; *People v. Sanders*, 2016 IL 118123, ¶ 42 ("All well-pleaded factual allegations not positively rebutted by the trial record must be taken as true for purposes of the State's motion to dismiss. [Citations.]"). Where, as here, a petition is dismissed at the second stage without an evidentiary hearing, our standard of review is *de novo*. *Sanders*, 2016 IL 118123, ¶ 31. "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *Id.*

¶ 25    In this appeal, defendant's claims are premised on violation of his constitutional right to effective assistance of trial counsel. Such claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Veach*, 2017 IL 120649, ¶ 30 (quoting *People v. Domagala*, 2013 IL 113688, ¶ 36). "Specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* "The defendant must show

'actual prejudice' based on the evidence and record, 'not mere speculation as to prejudice.' " *People v. Brown*, 2015 IL App (1st) 122940, ¶ 47 (quoting *People v. Bew*, 228 Ill. 2d 122, 135) (2008)). A defendant must satisfy both prongs of the *Strickland* standard, and a failure to satisfy either prong "precludes a finding of ineffectiveness." *Veach*, 2017 IL 120649, ¶ 30 (quoting *People v. Simpson*, 2015 IL 116512, ¶ 35).

¶ 26    We will first discuss defendant's claim that trial counsel's ineffective assistance caused him to waive his jury trial right. Before we address the merits, however, we note the State's threshold argument that the claim was forfeited because it "could have been raised, and disposed of, in [defendant's] motion for new trial." The State recognizes that "counsel cannot be expected to assert counsel's own ineffectiveness" but points out that defendant's motion for a new trial was prepared by an attorney other than his trial counsel. The State thus argues that the claim of ineffective assistance with respect to his jury waiver is forfeited, to the extent it was not raised in a posttrial motion. However, the lone authorities cited by the State in support of its forfeiture argument involved claims of ineffective assistance asserted on *direct appeal*, rather than in a postconviction petition. See *People v. Fretch*, 2017 IL App (2d) 151107, ¶ 136 (where posttrial motion was filed by new counsel rather than trial counsel, the portion of defendant's claim of ineffectiveness of trial counsel that was not raised in posttrial motion was "procedurally barred" on direct appeal); *People v. Salgado*, 366 Ill. App. 3d 596, 607 (2006) ("while defendant's posttrial motion contained allegations of ineffective assistance of counsel, these specific matters were not raised in that motion, which was filed by counsel different from his trial counsel and could have been raised; therefore, they are waived for consideration on appeal." (citing *People v. Enoch*, 122 Ill. 2d 176, 186-86 (1988))). Thus, the authorities relied on by the State are procedurally inapposite to this appeal.

¶ 27    Notably, the State does not argue forfeiture on the ground that the ineffective assistance claim concerning jury waiver could have been brought on direct appeal. Thus, the State forfeited any such claim of forfeiture. See *People v. Jones*, 2018 IL App (1st) 151307, ¶ 47 ("The State may forfeit a claim of forfeiture by failing to raise it." (citing *People v. Bridgeforth*, 2017 IL App (1st) 143637, ¶ 46)). In any event, we note that we would not have found this specific claim of ineffective assistance forfeited, pursuant to our supreme court's decision in *People v. Veach*, 2017 IL 120649. *Veach* explained that although "a defendant must generally raise a constitutional claim alleging ineffective assistance of counsel on direct review or risk forfeiting the claim[,]" "[p]rocedural default does not, however, preclude a defendant from raising an issue on collateral review that depended upon facts not found in the record. [Citation.]" *Id.* ¶ 47; see also *People v. Smith*, 326 Ill. App. 3d 831, 839 (2001) ("If a claim of ineffective assistance of counsel is based on matters outside the record, then it could not have been raised on appeal and, consequently, is not waived in a post-conviction petition. [Citation.]"). The claims of ineffective assistance of counsel at issue in this appeal rely upon portions of defendant's affidavit reflecting statements to him by trial counsel, which are not contained in the trial record.[4]

¶ 28    As we conclude that defendant's first claim of ineffective assistance was not forfeited, we proceed to address whether it was properly dismissed. That is, we consider whether defendant's petition and supporting affidavit made a substantial showing of ineffective assistance of counsel, insofar as he alleges that counsel's statements led him to waive his right to trial by jury.

---

[4]    We recognize that the allegations of the petition essentially mirrored one of the claims in the motion for new trial, insofar as the petition alleged that trial counsel "[a]dvised the petitioner to waive a jury trial on the day jury selection was scheduled and prevented the petitioner from having his case heard before twelve people of different viewpoints and life experiences." Significantly, however, defendant's affidavit adds new allegations that, on the day of trial, his lawyer "claimed he was not ready to pick a jury" and told defendant that he "would have to proceed with a bench trial as the court would not grant a continuance." Defendant's affidavit was not before the trial court on the motion for new trial, nor was it in the appellate record on direct review. Thus, at the time of motion for new trial or on direct, the record was "incomplete or inadequate for resolving the claim." *Veach*, 2017 IL 120649, ¶ 46.

¶ 29 Consistent with the two-prong *Strickland* standard for ineffectiveness, where a defendant claims that his trial counsel's ineffective assistance caused him to waive his right to a jury trial, the defendant must show (1) his counsel's advice on whether to waive the right to a jury fell below an objective standard of reasonableness and (2) there is a reasonable likelihood that defendant would not have waived his jury trial right in the absence of the alleged deficient advice. *People v. Simon*, 2014 IL App (1st) 130567, ¶ 73. We keep in mind that defendant's averments regarding communications with counsel must be taken as true, if not "positively rebutted by the trial record." *Sanders*, 2016 IL 118123, ¶ 42.

¶ 30 In this case, defendant alleges in his supporting affidavit that he did not intend to waive his jury trial right but did so only because, on the day of trial, his trial counsel "claimed he was not ready to pick a jury" and told him that he "would have to proceed with a bench trial as the court would not grant a continuance." The State does not dispute that such advice, if it was in fact given, would constitute deficient performance by counsel. Nor does the State dispute that defendant alleges prejudice, *i.e.*, a reasonable likelihood that he would have invoked his right to a jury trial, but for counsel's purported statements. Instead, the State makes two other arguments to urge that dismissal of this claim was proper. First, the State asserts that defendant's allegations are conclusory and insufficient because he "failed to provide any corroborating evidence as required by the Act, such as an affidavit from his trial counsel," or any explanation as to why such corroborative evidence was not attached. Second, the State contends that defendant's allegations are rebutted by the record. We find the State's contentions unavailing.

¶ 31 To the extent the State argues that defendant failed to provide corroborating evidence, we recognize that the Act provides that a postconviction petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" and "shall have attached thereto

affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2018). However, our supreme court has specifically declined to hold that a defendant must attach an affidavit of his former counsel to support a postconviction claim that the same attorney's advice was ineffective, since "the difficulty of obtaining such an affidavit is self-apparent." *People v. Hall*, 217 Ill. 2d 324, 333-34 (2005) (where defendant's postconviction petition alleged that his former counsel's erroneous advice rendered his guilty plea involuntary, he was not required to submit affidavit from the attorney, in addition to his own affidavit, to comply with the Act). *Hall* instructs that the "[f]ailure to attach independent corroborating documentation or explain its absence may * * * be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney. [Citations.]" *Id.* at 333. Accordingly, the lack of an affidavit from trial counsel does not preclude us from treating the allegations in defendant's petition and affidavit as true. See *People v. Barghouti*, 2013 IL App (1st) 112373, ¶ 16 (in reviewing summary dismissal of postconviction claim of ineffective assistance in plea bargaining, citing *Hall* to conclude that lack of an affidavit from trial counsel "does not permit us to ignore the allegations of [defendant's] postconviction petition" and supporting affidavit that trial counsel failed to inform defendant of potential sentencing range).

¶ 32 Here, defendant's petition and supporting affidavit allege specific statements by his trial counsel, in the context of off-the-record legal advice, that caused defendant to decline to invoke his right to a jury trial. Defendant is not required to submit an affidavit from his trial counsel supporting his allegations of that attorney's ineffectiveness, since the difficulty of obtaining such an affidavit is apparent. *Hall,* 217 Ill. 2d at 333-34. Nor is he required to explain the failure to include such an affidavit, since its absence "can easily be inferred" from the allegations of

defendant's petition and affidavit. *Id*. Thus, we reject the State's suggestion that the Act required defendant to provide an affidavit from trial counsel or to explain his efforts to obtain one.

¶ 33   We turn to the State's argument that the record positively rebuts defendant's allegations of ineffective assistance with respect to his jury waiver. The State points out that, when the trial court admonished him, defendant told the judge that he wanted a jury trial. Defendant also verbally confirmed that he had executed a written jury waiver. Nonetheless, we do not find that the court's admonishments or defendant's responses thereto affirmatively rebut the substance of defendant's allegations, which concern off-the-record statements by counsel that allegedly persuaded him to tell the court that he desired a jury trial.

¶ 34   We find that the allegations regarding jury waiver in this case resemble those at issue in *People v. Smith*, 326 Ill. App. 3d 831 (2001), an appeal from a summary dismissal of a postconviction petition. In that case, the defendant alleged that his attorney "caused [him] to involuntarily relinquish his right to a jury trial by telling defendant that the judge owed him a favor and it would be better to have a bench trial because the judge would have information not available to a jury." *Id*. at 838.  Although, as in this case, the defendant had been admonished by the court and had signed a jury waiver, the *Smith* court concluded that the allegations were not rebutted by the record:

> "The trial court's admonitions, together with defendant's signature on the jury waiver do not rebut the specific allegations in the petition. At no time during the admonition[s] did the trial judge ask the defendant whether he had been promised anything in exchange for giving up his right to a jury trial. Trial counsel's alleged representation that the judge would have information not available to the jury is

legally inaccurate, as the law is clear that a judge is presumed not to consider inadmissible matters." *Id*. at 848-49.

Accordingly, the *Smith* court concluded that the allegations regarding how trial counsel persuaded him to elect a bench trial were "not rebutted by the record," were not frivolous or patently without merit, and should advance to second-stage proceedings. *Id.* at 849.

¶ 35    We acknowledge that *Smith* came before us on summary dismissal, whereas this appeal concerns a second-stage dismissal upon the State's motion. Nonetheless, at either stage, the defendant's allegations are taken as true. *Sanders*, 2016 IL 118123, ¶ 31 (in an appeal from second-stage dismissal, there "are not factual issues" and the question is "whether the allegations in the petition, liberally construed in favor of the petition and taken as true, are sufficient to invoke relief under the Act"); *People v. Hodges*, 234 Ill. 2d 1, 10 (2009) ("At the first stage, the circuit court must * * * review the petition, taking the allegations as true," and determine whether it is frivolous or patently without merit).

¶ 36    As in *Smith*, we do not find that the admonitions or the defendant's verbal and written jury waiver rebut the allegations at issue regarding why he waived that right. Specifically, although the trial court admonished defendant about his right to trial by jury and defendant indicated his understanding, the transcript of that colloquy does not positively rebut the alleged statements by trial counsel's that purportedly dissuaded defendant from invoking his jury trial right. In particular, the admonitions do not positively rebut defendant's allegation that his trial counsel told him he was "not ready to pick a jury" on the day that trial was set to begin. Assuming the truth of counsel's alleged statement that he was unprepared for a jury trial, it would not be surprising that defendant opted for a bench trial, even after the trial judge explained his right to trial by jury. Similarly, the admonitions do not positively rebut defendant's allegation that his

trial counsel advised him that the trial court "would not grant a continuance" if he expressed his desire to proceed with a jury trial. At no point in the admonitions was the possibility of a continuance mentioned or referred to. Thus, we reject the State's argument that the record positively rebuts the allegations underlying this ineffective assistance claim.

¶ 37　In reaching this conclusion, we are not persuaded by the State's reliance on our supreme court's decision in *People v. Knapp*, 2020 IL 124992, which we find distinguishable. The *Knapp* defendant appealed from the summary dismissal of a postconviction petition, in which the defendant alleged that he did not voluntarily relinquish his right to testify. *Id.* ¶ 1. The record in *Knapp* showed that the trial court admonished defendant that he had a right to testify, and that it was a decision "that you and you alone have the right to make but you should make the decision only after discussing it with your attorney." *Id.* ¶ 26. Defendant answered affirmatively when the trial court asked defendant if he had discussed his decision with his counsel, and whether his choice was not to testify. *Id.* His counsel also told the court: "I have discussed it at great length with him and it's his decision and I respect it." *Id.*

¶ 38　In support of his postconviction petition, the *Knapp* defendant submitted an affidavit in which he averred that his answers to the court resulted from his attorney's representations to him that he could not testify unless there was corroborative evidence to support his testimony. *Id.* ¶ 34. He "denied that he was ever told by counsel or the court that he had an 'absolute right to testify and the decision was mine alone to make.' " *Id.* He also averred that his attorney failed to disclose evidence "tending to support [defendant's] intended testimony." *Id.* Defendant alleged that, had he known of such evidence or that his right to testify did not depend on such corroborative evidence, he never would have waived his right to testify. *Id.*

¶ 39 Our supreme court affirmed the summary dismissal of the petition, concluding that the record positively rebutted defendant's allegations. The *Knapp* court reasoned: "[T]he record contains nothing to suggest that [defendant] ever alerted the trial court of his desire to testify, that he had any questions about his right to testify, or that he otherwise was unsure about waiving his right to testify. [Citation.]." *Id.* ¶ 51. The court noted that "the alleged off-the-record conversations with counsel * * * occurred before the circuit court's admonishments," and that after the admonishments, defendant "confirmed on the record that the decision not to testify was his alone." *Id.* ¶ 54. Our supreme court concluded that "petitioner's responses during the trial court's admonishments unequivocally rebut his allegations that his decision not to testify was involuntary or based on allegedly erroneous advice from counsel." *Id.* The court also found that the record "contains not even the slightest suggestion that petitioner was hesitant or unsure of his decision not to testify" but instead "demonstrates that the trial court confirmed that petitioner consulted with counsel on his decision whether to testify, petitioner understood that the decision whether to testify was his alone, and then petitioner chose not to testify." *Id.* ¶ 58.

¶ 40 We find *Knapp* distinguishable from the situation presented in this case. In *Knapp,* defendant alleged that he believed (due to counsel's erroneous advice) that he did not have an absolute right to testify, and that his right to testify was contingent on the existence of corroborating evidence. Those allegations were directly rebutted by the trial court's admonitions that defendant alone could decide whether to testify, which defendant confirmed that he understood. *Id.* ¶ 54. On the other hand, we find that the precise nature of the allegations in this case regarding the right to jury trial are different in character from the allegations in *Knapp* regarding the right to testify. That is, unlike *Knapp*, defendant in this case does not claim that he was misled by counsel as to whether it was his decision to waive a jury trial. Defendant does not dispute that he knew it was

his decision. Rather, he alleges that he decided not to proceed by jury trial, based on counsel's statement that *counsel was unprepared to defend him* in a jury trial and that the court would not grant a continuance for a jury trial. Although the court admonished him about his right to a jury trial, nothing in the admonitions touched on counsel's preparedness to defend him before a jury. Thus, the court's admonitions could not refute counsel's purported off-the-record statement to defendant that he was not prepared for a jury trial. Similarly, nothing in the admonitions mentioned the possibility of a continuance, and thus the record did not rebut defendant's additional alleged statement that his counsel told him a continuance would not be granted for a jury trial. For these reasons, we do not find that *Knapp* controls in this case.

¶ 41 We also reject the State's argument that defendant's motion for a new trial "positively rebuts" his affidavit's allegations about trial counsel's statements. The State emphasizes that defendant was not represented by trial counsel in conjunction with that motion, and suggests that defendant "had the opportunity to fully discuss any grievances" about his trial counsel with the attorney who prepared the motion. The State points out that the motion for new trial alleged that trial counsel "advised" him not to elect a jury trial but did not allege that trial counsel mentioned his lack of preparedness or that the trial court would not grant a continuance. However, the State cites no precedent suggesting that failure to include a particular allegation in a motion for a new trial "rebuts" a specific allegation set forth in a postconviction proceeding. This is not surprising, as we cannot see how the *absence* of an allegation in the trial record can be deemed to "positively" rebut a postconviction allegation. *Sanders*, 2016 IL 118123, ¶ 42 ("All well-pleaded factual allegations not positively rebutted by the trial record must be taken as true for purposes of the State's motion to dismiss.").

¶ 42 Similarly, we reject the State's suggestion that the alleged statement by counsel regarding the unavailability of a continuance is positively rebutted by the record, insofar as trial counsel had asked for continuances of the trial date on four occasions, and the trial court never indicated "that it was irritated" by the requests "or that counsel's last request was the final continuance it would grant." The fact that the court granted prior continuances does not positively rebut defendant's allegation that, on the particular date when trial counsel told him he was "not ready to pick a jury," trial counsel also told him that the court would not grant a continuance. We thus reject the State's contentions that the record positively rebuts defendant's claim of ineffective assistance with respect to waiver of his right to jury trial.

¶ 43 We proceed to conclude that, liberally construing defendant's allegations regarding his jury waiver and taking them as true, *Sanders*, 2016 IL 118123, ¶ 31, defendant has made a substantial showing of ineffective assistance under the two-prong *Strickland* standard. First, counsel's alleged statements to defendant indicating that counsel was not prepared for a jury trial and that the court would not grant a continuance, "fell below an objective standard of reasonableness." *Simon*, 2014 IL App (1st) 130567, ¶ 73. We recognize that generally, "advice on waiving a jury trial constitutes the type of strategy and tactics that cannot support a claim of ineffectiveness." (Internal quotation marks omitted.) *Id*. ¶ 74 (concluding that ineffective assistance claim could not be premised upon "advising defendant to waive a jury trial because counsel knew that the judge would base his decision on the law instead of on the fact the defendant was a gang member, as a jury might do"). However, trial counsel's alleged statements urging defendant to waive a jury trial simply because counsel was "not ready to pick a jury" and that the court "would not grant a continuance" cannot be construed as reasonable strategic advice.

¶ 44    We also find that defendant sufficiently alleges prejudice under the *Strickland* standard. That is, insofar as defendant's affidavit avers that it was "never [his] intent to waive a jury" until he was "ambushed" by trial counsel's statements, he has alleged a reasonable likelihood that defendant would not have waived his jury trial right in the absence of trial counsel's deficient performance. *Simon*, 2014 IL App (1st) 130567, ¶ 73.

¶ 45    In sum, taking his unrebutted allegations as true, defendant's petition and supporting affidavit made a substantial showing of ineffective assistance of counsel with respect to his jury waiver, warranting a third-stage evidentiary hearing. We thus reverse the trial court's dismissal of the petition, with respect to this particular claim of ineffective assistance of counsel.

¶ 46    We turn to defendant's second claim of error on appeal, in which he challenges the dismissal of his ineffective assistance claim based on allegations that his trial counsel failed to inform him of either the sentencing range for the charged offenses or the State's plea offer. He asserts he was prejudiced as he was not informed of the risks of going to trial, and thus "went to trial risking his life in prison when an offer of something far less went unspoken by counsel."[5] Defendant maintains that an evidentiary hearing with "input from trial counsel" is warranted to determine if his "constitutional right to plea" was violated.

¶ 47    At the outset, we briefly note that the State makes the same forfeiture argument that it raised with respect to defendant's claim of ineffective assistance pertaining to jury waiver, *i.e.*, that the claim is not preserved because it could have been raised in his motion for new trial. Again, however, the State relies on case law discussing forfeiture in the context of a direct appeal, rather than an appeal from the dismissal of a postconviction petition. *People v. Fretch*, 2017 IL App (2d) 151107, ¶ 136; *People v. Salgado*, 366 Ill. App. 3d 596, 607 (2006). For the same reasons we

---

[5] Defendant's briefing does not specify what the offer was, and the proposed terms of the offer mentioned at the June 17, 2013 hearing are not apparent from the record.

rejected the State's forfeiture argument with respect to the previously-discussed ineffective assistance of counsel argument regarding jury waiver, we do not find that defendant has forfeited the instant ineffective assistance claim.

¶ 48 We proceed to assess whether defendant's petition made a substantial showing of a constitutional violation, insofar as it alleged that trial counsel failed to communicate his potential sentencing range or the State's plea offer. "The sixth amendment right to the effective assistance of counsel applies to the plea-bargaining process" and "extends to the decision to reject a plea offer, even if the defendant subsequently receives a fair trial." *People v. Hale*, 2013 IL 113140, ¶¶ 15-16. This right to counsel encompasses defendant's right " 'to be *reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer.' " (Emphasis in original.) *Id.*, ¶ 16 (quoting *People v. Curry*, 178 Ill. 2d 509, 528 (1997)). "Counsel has a constitutional obligation to inform the defendant of the minimum and maximum sentences that may be imposed and the ramifications of accepting or rejecting a plea offer." *People v. Brown*, 2015 IL App (1st) 122940, ¶ 74.

¶ 49 The two-prong *Strickland* test applies to claims of ineffective assistance in the context of advice regarding a plea offer. *Hale*, 2013 IL 113140, ¶ 15. In *Hale*, our supreme court set forth very specific requirements to satisfy the prejudice prong for this type of ineffectiveness claim. First, "the defendant must establish that there is a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer. [Citation.]" *Id.* ¶ 18. "This showing of prejudice must encompass more than a defendant's own subjective, self-serving testimony." (Internal quotation marks omitted.) *Id.* "Rather, there must be 'independent, objective confirmation that defendant's rejection of the proffered plea was based upon counsel's erroneous advice,' and not on other considerations." *Id.* (quoting *Curry*, 178 Ill. 2d at 532). "The disparity

between the sentence a defendant faced and a significantly shorter plea offer can be considered supportive of a claim of prejudice." *Id.*

¶ 50    *Hale* further instructs that, pursuant to United States Supreme Court precedent, in addition to a reasonable probability that the defendant would have accepted the plea, prejudice in this context also requires defendant to show a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Id.*, ¶¶ 19-20 (recognizing that these prejudice factors, set forth in *Missouri v. Frye,* 566 U.S at ----, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 566 U.S. ---, 132 S. Ct. at 1384 (2012), "must now be relied upon in deciding if prejudice has been shown where a plea offer has lapsed or been rejected because of counsel's deficient performance."). In short, to show prejudice based upon counsel's alleged error in failing to inform him of a plea offer or sentencing range, "a defendant must show that he would have accepted the plea offer but for counsel's erroneous advice, that the State would not have rescinded the offer, and that the trial court would have accepted it." *Brown*, 2015 IL App (1st) 122940, ¶ 66.

¶ 51    In this case, the State suggests there are multiple bases upon which we should affirm the second-stage dismissal of the ineffective assistance claim premised on trial counsel's failure to communicate the sentencing range or the plea offer. As with the claim of ineffectiveness related to defendant's jury waiver, the State suggests that defendant's assertions are conclusory and that he "failed to provide corroborating evidence as required by the Act." Separately, the State urges that the record positively rebuts defendant's allegations that he did not know of the plea offer or his potential life sentence, given defendant's presence at the June 2013 hearing where the prosecutor mentioned that this was a "natural life case" and referenced the State's plea offer. Alternatively, the State argues that defendant fails to make a substantial showing that he was

prejudiced by counsel's alleged ineffectiveness. As discussed below, we agree that defendant has not made the requisite showing of prejudice.

¶ 52    We recognize that, at this stage of postconviction proceedings, we are bound to accept as true all well-pled facts not positively rebutted by the record. *Sanders*, 2016 IL 118123, ¶ 42. However, even assuming the truth of defendant's allegations that trial counsel did not inform him of the sentencing range or the State's plea offer, defendant does not make a substantial showing of prejudice. He fails to satisfy any of the prejudice requirements for this type of claim: *i.e.*, a reasonable probability that he would have accepted the plea offer but for counsel's erroneous advice, that the State would not have rescinded the offer, and that the trial court would have accepted it. *Brown*, 2015 IL App (1st) 122940, ¶ 66.

¶ 53    Regarding the first requirement, defendant's petition does not include any allegation that defendant would have accepted the State's plea offer. At most, in his supporting affidavit, he states that if he had been "apprised" of the State's offer, he "may have waived my right to trial and pled guilty pursuant to said offer." The statement in his affidavit is insufficient, in light of our supreme court's instruction that this type of ineffective assistance claim requires "more than a defendant's own subjective, self-serving testimony." (Internal quotation marks omitted.) *Hale*, 2013 IL 113140, ¶ 18; see also *Brown*, 2015 IL App (1st) 122940, ¶ 78 (in affirming second-stage dismissal of claim that counsel failed to inform him of plea offer or the extended sentencing range, noting "Brown's claim that he would have pled guilty had he known that he faced an extended sentence, standing alone, amounts to no more than subjective, self-serving testimony insufficient to satisfy the *Strickland* requirement for prejudice" (Internal quotation marks omitted.)); *People v. Walker,* 2018 IL App 160509, ¶ 36 (affirming summary dismissal of claim that counsel failed to advise defendant of mandatory firearm enhancement before he

rejected the State's plea offer, since "even if we assume that defendant received a 27-year plea offer, that this offer remained open until the start of trial, that his petition asserts that he would have accepted this offer if he knew of the mandatory enhancement, and that his counsel failed to inform him of it, there is still nothing alleged in the petition to show prejudice, except for defendant's own subjective, self-serving remarks").

¶ 54    Under *Hale*, the equivocal statement in defendant's affidavit that he "may have waived [his] right to trial and pled guilty" amounts to self-serving testimony that is insufficient, standing alone, to show a reasonable probability that he would have accepted the plea offer.  *Hale,* 2013 IL 113140, ¶ 18. We also note that, since defendant offers nothing that indicates the terms of the plea offer, we are not able to consider the disparity between the sentence and the plea offer as potential support for this showing of prejudice. See *id.* ("The disparity between the sentence a defendant faced and a significantly short plea offer can be considered supportive" of prejudice.) Moreover, defendant's petition offers nothing to satisfy the additional requirements for a prejudice showing, *i.e.*, a reasonable probability that the plea would have been entered without the State withdrawing it or the trial court refusing to accept it. *Id.*, ¶¶ 19-20.

¶ 55    We recognize, as a practical matter, that *Hale*'s requirement that a defendant must submit more than his own "self-serving" testimony to show prejudice appears to put pressure on defendants to obtain sworn statements from trial counsel about the advice they gave with respect to a plea. In decisions prior to *Hale*, our supreme court recognized the difficulty of obtaining a statement from trial counsel for the purpose of supporting a postconviction claim of that counsel's ineffectiveness. *People v. Hall,* 217 Ill. 2d 324, 333-34 (2005) (in reversing second-stage dismissal of claim that trial counsel's ineffectiveness led defendant to accept guilty plea, explaining that defendant did not need to provide trial counsel's affidavit); *People v. Williams*,

47 Ill. 2d 1, 4 (1970) (reversing dismissal of postconviction petition in which defendant alleged that he was induced to plead guilty by his attorney's representations, despite lack of supporting affidavits, where "the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him" and "[t]he difficulty or impossibility of obtaining such an affidavit is self-apparent.").

¶ 56    *Hall* and *Williams* thus suggest that, at least with respect to a postconviction claim that counsel's ineffectiveness led defendant to *accept* a plea offer, a supporting affidavit from counsel is not necessarily required. However, our supreme court's subsequent decision in *Hale* explicitly requires that, where the claim is that counsel's deficient advice defendant *not* to accept a plea, there must be something more than self-serving testimony to make the requisite showing of "a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer." 2013 IL 113140, ¶ 18. We are bound to follow that precedent.

¶ 57    We thus conclude that defendant has not made the requisite showing of prejudice under *Hale*. On that basis, we affirm the dismissal of his petition with respect to his claim that counsel was ineffective in failing to advise him of the applicable sentencing range or to communicate the State's plea offer. [6]

¶ 58                                    CONCLUSION

¶ 59    In summary, we conclude that defendant's postconviction petition made a substantial showing of a constitutional violation, only insofar as he claims that ineffective assistance of counsel caused him to waive his right to a jury trial. We thus reverse the trial court's dismissal order with respect

---

[6] As we affirm dismissal of that claim due to defendant's failure to make a substantial showing of prejudice, we need not address the State's alternative arguments that we should affirm because he "failed to provide any corroborating evidence as required by the Act" or that the record positively rebuts defendant's allegations that he did not know of the sentencing range or the State's plea offer.

to that particular claim and remand for a third-stage evidentiary hearing only with respect to that claim. However, we affirm the trial court's dismissal of defendant's petition in all other respects, including with regard to his claim that trial counsel was ineffective in failing to communicate the sentencing range for the charged offense and the State's plea offer.

¶ 60    Affirmed in part and reversed in part.

¶ 61    Cause remanded.